Ms. Stacey Witherell Labor and Employee Relations Manager City of Little Rock 500 West Markham, Suite 130W Little Rock, Arkansas 72201-1428
Dear Ms. Witherell:
I am writing in response to your request for my opinion concerning the Arkansas Freedom of Information Act ("FOIA"). Your request is submitted pursuant to A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel records or employee-evaluation records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
You appear to be acting as the custodian in response to a FOIA request that seeks six separate categories of information. Your responses to each request are reproduced in italics below the applicable request:
 1. The entire pre-employment physical fitness test for individual police applicants.
 This is a descriptive process and is releasable. It is provided to all candidates for the position.
 2. The individual physical fitness test results [for all police officers] that were hired under Chief Thomas's administration including name, race and gender. *Page 2 
 Specific test results for current employees or applicants hired [sic], these documents would be considered a personnel record and are not releasable. Although the public has a valid interest in knowing that public employees possess a level of skill sufficient to perform their duties, information indicating specific scores is not necessary to satisfy this interest (Arkansas Attorney General Opinion 2005-086). It would be the City's intent to release this information in a pass/fail manner for applicants who[] were hired or current employees who competed in the process. The information would be an excel spreadsheet.
 3. The entire list of pre-employment police applicants that were disqualified because of the physical test requirements under Chief Thomas'[s] administration, including name, race and gender.
 Same as #2. Disqualification would be shown as a fail for employees and the actual test score for applicants. The information would be an excel spreadsheet.
 4. The entire list of police recruits that were terminated, or resigned for various reasons including failure to pass physical fitness test under Chief Thomas'[s] administration, including name, race and gender.
 All terminations for these employees would be releasable if the disciplinary action had reached the final administrative resolution.
 5. The entire list of police officers that were hired under Chief Thomas'[s] administration, including name, race and gender.
 These documents would be considered [] personnel record[s] and would be releasable.
 6. All disciplinary files on . . . [two police officers.]
 These files are releasable if the disciplinary actions were in the form of a suspension or termination, and if final administrative resolution has been reached. *Page 3 
RESPONSE
My duty under subsection 25-19-105(c)(3)(B)(i) is to state whether the decision of the records custodian is consistent with the FOIA. Your responses to the individual requested categories seem to indicate that you have decided which legal and factual tests apply to the requested documents. But because you have not included the records you intend to release, I cannot opine about the releasability of any specific document or the need to redact any specific piece of information from an otherwise releasable document. I can only opine about whether your responses are consistent with the FOIA. In that vein, I believe your responses to questions two, three, and five are consistent with the FOIA. Question one is outside the scope of an opinion under subsection 25-19-105(c)(3)(B). Depending on the circumstances, your response to resignation letters in question four may be inconsistent with the FOIA. As explained more fully below, your responses to question six and the portion of question four pertaining to employee-evaluation records must include a review of all three elements that must be met before such documents can be released.
DISCUSSION
I will start the analysis by explaining the applicable law and then I will apply that law to your individual responses. A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
As for the first element, all public entities, and some private entities, are subject to the FOIA. E.g. Op. Att'y Gen. 2008-154. As for the second element, the FOIA defines "public records" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records *Page 4 
maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2009).
As for the third element, the FOIA provides two exemptions for items normally found in employees' files.[1] For purposes of the FOIA, items in employees' files can usually be divided into two mutually exclusive groups: "personnel records" under section 25-19-105(b)(12);[2] or "employee evaluation or job performance records" under section 25-19-105(c)(1).[3] The test for whether these two types of documents may be released differs significantly.
The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be definitively determined by reviewing the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. 1999-147; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT, p. 179 (m m Press, 4th ed., 2004). If a document can be defined as a "personnel record," the document is open to public inspection and copying except "to the extent that disclosure would *Page 5 
constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2009).
The FOIA likewise does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. To determine whether the release of a personnel record would constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The test weighs the public's interest in accessing the records against the individual's interest in keeping the records private. See Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). The balancing takes place with a thumb on the scale favoring disclosure. To aid in conducting the balancing test, the court in Young elucidated a two-step approach. First, the custodian must assess whether the information contained in the requested document is of a personal or intimate nature such that it gives rise to greater than deminimus privacy interest. Id. at 598, 826 S.W.2d at 255. If the privacy interest is merely de minimus, then the thumb on the scale favoring disclosure outweighs the privacy interest. Second, if the information does give rise to a greater than de minimus privacy interest, then the custodian must determine whether that interest is outweighed by the public's interest in disclosure. Id., 826 S.W.2d at 255. Because the exceptions must be narrowly construed, the person resisting disclosure bears the burden of showing that, under the circumstances, his privacy interests outweigh the public's interests. Stilley, supra, at 313. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is irrelevant to the analysis because the test is objective. E.g., Op. Att'y Gen. Nos. 2001-112, 2001-022, 94-198.
The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Op. Att'y Gen. Nos. 2006-176, 2004-260, 2003-336, 98-001. Many documents contained in personnel files are typically releasable under this standard, with appropriate redactions. I believe a current employee's job application and any background investigation that served as a basis for his hiring constitute "personnel records" under the above standard. As I have previously noted in Op. Att'y Gen. 2007-278:
 Certain . . . employment-related records found in police personnel files are typically subject to release with any appropriate redactions. See, e.g., Op. Att'y Gen. Nos. 2005-268 (mentioning job application *Page 6 
documents, resumes, documents evidencing completion of psychological examination; and personal history statements as being subject to release with appropriate redactions); and 2004-178 (discussing training files with scores redacted).
In contrast, some information typically found in an employee's personnel file are not subject to release under the FOIA. Some of those items include: dates of birth of public employees (Op. 2007-064); social security numbers (Ops. 2006-035, 2003-153); medical information (Op. 2003-153); any information identifying certain law enforcement officers currently working undercover (A.C.A. § 25-19-105(b)(10)); driver's license numbers (Op. 2007-025); insurance coverage (Op. 2004-167); tax information or withholding (Ops. 2005-194, 2003-385); payroll deductions (Op. 98-126); banking information (Op. 2005-195); unlisted telephone numbers (Op. 2005-114); personal e-mail addresses (Op. 2004-225); and marital status of employees and information about dependents (Op. 2001-080).
The second potentially relevant exception is for "employee evaluation or job performance records," which the FOIA likewise does not define. But this office has consistently opined that the phrase refers to records that were created by (or at the behest of) the employer, and that detail the employee's performance or lack of performance on the job. Op. Att'y Gen. 2004-012 (and opinions cited therein). This exception includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct.Id.
If a document meets the above definition, the documentcannot be released unless the following elements have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding (finality);
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (relevance); and
 3. There is a compelling public interest in the disclosure of the records in question (compelling interest). *Page 7 
A.C.A. § 25-19-105(c)(1) (Supp. 2009). All three of the conditions must be present before an evaluation or job performance record may be released. Op. Att'y Gen. 2008-065.
As for the third prong, the FOIA never defines the key phrase "compelling public interest." But two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
Watkins Peltz, supra, at 207 (footnotes omitted). Professors Watkins and Peltz also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists.Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") With respect to allegations of police misconduct, I noted as follows in Op. Att'y Gen. 2007-206:
 [A] compelling public interest likely exists in information reflecting a violation of departmental rules by a "cop on the beat" in his interactions with the public. See Op. Att'y Gen. 2006-106. If the prior disciplinary records reflect a suspension based on this type of infraction, a strong case for the finding of a compelling public interest exists. *Page 8 
Whether there is a compelling public interest in particular records is a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information.
Apart from the legal tests for personnel records and employee-evaluation records, the custodian should be aware of some general constitutional implications of disclosure. Any party who may be identified from any of the requested records may have a constitutionally-protected privacy interest in those records. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally-protectable information. McCambridge v. City ofLittle Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). TheMcCambridge court held that a constitutional privacy-interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
Whether certain information is constitutionally protected under the right to privacy is a highly factual decision the custodian of records must initially make. If the custodian determines that the records contain constitutionally-protectable information (i.e., information that meets the McCambridge test), then the custodian must consider whether the governmental interest in disclosure (i.e., the public's legitimate interest in the matter) outweighs the privacy interest in withholding them. As always, the person claiming the right will have the burden of establishing it.
In applying this law to the six requested items, and given your responses, we can arrive at some tentative conclusions. I should reiterate, however, that my application of the above law to your specific decisions is only in the abstract because I have not reviewed any specific documents. I will apply the above law to each specific category of requested information. I will not, however, analyze the first and second preconditions noted above — first, that the entity to which the FOIA request is directed be subject to the request, and second, that the record be a public record — because I concur with your apparent decision that both elements are met. Before applying the above law, however, I must note that your responses appear to indicate that you have chosen to compile information in response to the request. While the FOIA does not require you to compile information, you are *Page 9 
certainly free to do so. A.C.A. § 25-19-105(d)(2)(C) (Supp. 2009). Even though the FOIA is silent about the process by which that new document is created, it seems clear that the new document will, itself, constitute a public record.
The first request seeks information that falls outside the scope of an opinion issued under subsection 25-19-105(c)(3)(B)(i). This request seeks the description of the physical-fitness test administered to all applicants to the police department. Because a mere description of the test, by itself, is neither a personnel record nor an employee-evaluation record, a review of your decision to release such a document is outside the scope of this opinion.
The second request seeks the "physical fitness test results" of every officer who was "hired under Chief Thomas's administration." The requester also wants each individual's name, race, and gender. You have made two determinations about this requested item. First, you believe the physical fitness test results are personnel records. Second, you have determined that while the details ofwhy an applicant failed the physical fitness test are not releasable, the fact that a given applicant passed or failed is releasable. Your basis for withholding the details is because the details are not necessary to satisfy the public's interest in knowing whether its police officers "possess a level of skill sufficient to perform their duties."
In my opinion, your first determination is probably consistent with the FOIA. The physical fitness results are probably best characterized as personnel records. The physical fitness tests are very similar to psychological evaluations and drug tests administered to police officers.[4] Given that this office has characterized both of the latter two tests as personnel records, and physical-fitness tests are so similar, the latter are also probably best characterized as personnel records. E.g. Op. Att'y Gen. Nos. 2009-096, 2000-226, 98-101. Accordingly, I believe your decision to characterize the physical fitness tests as "personnel records" is consistent with the FOIA.
Your second determination — to release the pass/fail result, but withhold the details of why the test was passed or failed — is slightly more difficult to analyze. Your decision to redact or withhold the details suggests that you believe the police *Page 10 
officers have an overriding privacy interest in those details. It seems plausible that the disclosure of detailed information about a physical fitness test could subject the affected officer to embarrassment. This indicates that a greater than de minimus
privacy interest probably exists. Without a review of the records and additional facts surrounding the administration of the tests, including the relevant departmental policies and procedures, I am unable to definitively state whether release of the details is necessary to satisfy the public's interest under the section 25-19-105(c)(12) balancing test. The public could conceivably have a substantial interest in this information, but I simply lack sufficient information to make that determination. You should consult with your regular counsel to determine whether the officer's privacy interest overrides the public's interest, resulting in redacting or withholding the details.
The third request seeks the name, race, and gender of all applicants who were disqualified "because of the physical test requirements." Your decision about this request breaks down into two broad subgroups: (1) current employees who failed, and (2) applicants who failed the test and who never become employees. With respect to the employees, you plan to release information in a manner consistent with your response to the second request. Accordingly, my analysis of your response to the second request applies equally to this response.
With respect to applicants who failed the test and never became employees, you plan to release the "actual test score[s]." The reason you intend to release their actual test scores is because "[(1)] the records are not personnel records and [(2)] no exemption exists for these records." I believe both your decisions are consistent with the FOIA. As for the first — that the actual test scores of failed applicants — this office has long held that if a job applicant is never hired, documents pertaining to him or her cannot be considered "personnel records," because the applicant never became "personnel." E.g., Op. Att'y Gen. No. 87-070.[5]
Thus, your characterization of these records is consistent with this office's opinions. Your *Page 11 
second decision — that no other reason permits this information be withheld — also seems consistent with the FOIA. No other exemption in the FOIA specifically exempts the name, race, and gender of failed job applicants. E.g., Op. Att'y Gen. 2005-100 (opining that the race and gender or public employees are generally disclosable under the FOIA).
The fourth request seeks a list of all "police recruits" who either resigned or were terminated for any reason under Chief Thomas's administration. You, as the custodian, respond that "[a]ll terminations for these employees" will be released "if the disciplinary action had reached the final administrative resolution." I will note two observations. First, depending on the content of the letters of resignation and the surrounding circumstances, your response may improperly conclude that letters of resignations constitute employee evaluation records. A letter of resignation is considered an employee evaluation record if the letter sets forth the reasons for an employee's suspension or termination. E.g., Op. Att'y Gen. Nos. 2007-61, 2006-147. Generally, even if a letter of resignation constitutes an employee evaluation record, it is not releasable because a resignation rarely qualifies as a "termination." E.g., Op. Att'y Gen. Nos. 2006-038, 2006-035, 2005-094. But, if the resignation was coerced, the letter of resignation may constitute an employee evaluation record and may amount to a "constructive termination." If so, then the other two elements for the release of employee evaluation records must be satisfied. The standards for constructive termination are explained in Op. Att'y Gen. Nos. 2007-061, 2002-158, and 97-063. If, however, the content of the letter of resignation (and/or the surrounding circumstances) reveals that the document cannot be classified as an employee-evaluation record, then the letter of resignation must be classified as a personnel record and must be released unless its release constitutes a clearly unwarranted invasion of personal privacy. Not having seen any of the actual records, I cannot opine on how the specific letters of resignation should be classified and, therefore, I cannot opine on their releasability.
Second, to the extent some documents are properly characterized as employee evaluations, there are three elements that must be met before those documents may be released — not two, as your response seems to indicate. As explained above, employee-evaluation records cannot be released unless those document meet all three elements: finality, relevance, and compelling interest. *Page 12 
The fifth request seeks a list of all police officers who were hired under Chief Thomas's administration. The request also seeks such person's name, race, and gender. You categorize this request as seeking "personnel records," and conclude that the information should be released under that standard. Both these decisions seem consistent with the FOIA. Employees' race and gender are all generally disclosable under the FOIA. E.g., Op. Att'y Gen. Nos. 2005-100, 99-305, 91-351.
The sixth request seeks "[a]ll disciplinary files" for two police officers. You respond that the files will be released "if the disciplinary actions" resulted in "suspension or termination," and if the matter has reached a "final administrative resolution." Not having seen any records at issue, I cannot opine about any specific records. Nevertheless, as I noted above, you, as the custodian, must determine whether all three elements for the release of employee-evaluation records are met. Your response only notes two of the three. To release the requested records in a way that is consistent with the FOIA, you as the custodian must also determine that the public has a compelling interest in each of the "disciplinary files."
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh
[1] This office and the leading commentators on the FOIA have observed that personnel files usually include: employment applications; school transcripts; payroll-related documents such as information about reclassifications, promotions, or demotions; transfer records; health and life insurance forms; performance evaluations; recommendation letters; disciplinary-action records; requests for leave-without-pay; certificates of advanced training or education; and legal documents such as subpoenas. E.g., Op. Att'y Gen. 97-368; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 181-82 (4th ed., m m Press 2004).
[2] This subsection states: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter . . . (12) [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
[3] This subsection states: "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[4] Physical fitness test are similar to both psychological evaluations and drug tests in three important ways: (1) all three tests are administered to ensure law enforcement officers are fit for duty; (2) all three tests can be passed or failed, and (3) all three tests reveal some physical characteristics about an officer.
[5] I should note that two Arkansas circuit courts have split on this issue. Compare Little Rock Sch. Dist. V. Little RockNewspapers, Inc.
No. 87-7638 (Pulaski County Cir. Ct., 3d Div., Sept. 21, 1987) (holding that a list of job applicants was a personnel record, but that its disclosure would not amount to a clearly unwarranted invasion of personal privacy), with Little Rock Newspapers,Inc. v. Board of Trustees of Univ. of Central Ark., No. 87-6930 (Pulaski County Cir. Ct., 2d Div., Aug. 20, 1987) (holding that a list of job applicants was not a personnel record). And two leading commentators on the Arkansas FOIA take an alternative view. Watkins Peltz, supra, at 177-78.